IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffery L. Shaffer,

    Plaintiff,

  v.                        Case No. 2:18-cv-185

Commissioner of
Social Security,

    Defendant.

ORDER

Plaintiff Jeffery L. Shaffer brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. The administrative law judge ("ALJ") reviewed the evidence in the record and held a hearing. In a decision dated May 3, 2017, the ALJ found that plaintiff had severe impairments consisting of degenerative disk disease of the lumbar spine and chronic obstructive pulmonary disease. PAGEID 48. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work. PAGEID 51. Citing the testimony of the vocational expert, the ALJ concluded that there were jobs in the economy which plaintiff could perform, and that he was not disabled. PAGEID 56-57.

This matter is before the court for consideration of plaintiff's November 9, 2018, objections in response to the October 26, 2018, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed. Plaintiff's objections concern the ALJ's consideration of evidence relevant to his mental disabilities, which the ALJ determined were

not disabling.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

The record includes treatment notes documenting plaintiff's reports of anxiety, mood swings, and panic attacks featuring shortness of breath. In his statement of errors, plaintiff argued

2

that the ALJ erred in determining at step two of the five-step analysis set forth in 20 C.F.R. §404.1520(a)(4) that plaintiff's mental impairments were not severe, and in assigning only little weight to the opinion of Nurse Practitioner Mick. Upon review of the record, the magistrate judge concluded that no error had been shown and that the ALJ's findings were supported by substantial evidence. The court agrees with the conclusions of the magistrate judge.

Plaintiff makes no specific reference to the ALJ's step two determination in his objections. To the extent that his objections can be construed as incorporating his prior arguments, the court agrees with the conclusion of the magistrate judge that the ALJ committed no error in his step two determination. A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§404.1520(c), 416.920(c)[.]" 42 U.S.C. §423(d)(1)(A). If the degree of limitation due to a mental impairment is rated as "mild," the impairment is generally deemed to be not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §404.1520a(d)(1). A severe impairment is established by medical evidence consisting of signs, symptoms, and laboratory findings, not just by a claimant's statement of symptoms. *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014)(citing 20 C.F.R. §416.908). The opinion of a health care professional who is not an acceptable medical source cannot establish the existence of a medically determinable impairment. SSR 06-3p, 2006 WL 2329939 at *2 (S.S.A. Aug. 9,

2006).[1] The failure to categorize an impairment as severe at step two is not prejudicial error if the ALJ found other severe impairments at step two and considered all of the claimant's impairments, including the nonsevere impairments, in the remaining steps of the disability determination. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

Plaintiff relies on the treatment notes and evaluation of Nurse Practitioner Mick to establish that his mental impairments are severe. However, as the ALJ noted, Nurse Practitioner Mick is not an acceptable medical source and cannot be relied on to establish a diagnosis of a medically determinable impairment. PAGEID 49. *See* SSR 06-3p, 2006 WL 2329939 at *2. The ALJ noted that it was unclear from the record whether an acceptable medical source had actually diagnosed a medically determinable mental impairment, nor was there any documentation of treatment from professional mental health source. PAGEID 49.

At step two, the ALJ found that, regardless of whether a medically determinable mental impairment had been shown, there was no evidence in the record of any mental condition that causes more than a mild or minimal limitation in plaintiff's ability to perform basic mental work activities. PAGEID 49-50. Specifically, the ALJ noted that although plaintiff complained of mental symptoms, his mental status functioning was routinely reported to be normal and did not appear to impede his activities of living, which included driving, doing some household chores such as laundry, grocery

---

[1]This regulation has been rescinded, but it still applies to claims such as this one which were filed before March 27, 2017. 20 C.F.R. §404.1527.

shopping, walking with his granddaughter, and reading magazines. PAGEID 49. The ALJ referred to treatment notes in the record which routinely documented that plaintiff was alert and oriented with no memory deficits and had a good mood, and which noted no difficulties concerning his interactions with treatment sources despite his numerous appointments. The ALJ further observed that Ohio Department of Disability Determination reviewing psychologist Juliette Savitscus, Ph.D., found on January 30, 2015, that insufficient evidence had been presented to evaluate plaintiff's claim of mental disability, and that on March 2, 2015, reviewing psychologist Judith Schwartzman, Psy.D., agreed with that assessment of plaintiff's claim.

At step five of the analysis, the ALJ discussed plaintiff's treatment records at length, including notes reflecting his mental status and his reports of mental symptoms, and considered that evidence along with the records concerning his physical limitations in making his RFC determination. PAGEID 49-54. No error has been shown by the ALJ's failure to classify plaintiff's mental impairments as severe at step two.

Plaintiff also argues that the ALJ erred in assigning little weight to the June 5, 2016, opinion of Nurse Practitioner Mick that plaintiff had several moderate and marked mental work-related limitations due to a mood disorder. This opinion consists of a social security medical source statement form on which Nurse Practitioner Mick stated that plaintiff was moderately to markedly limited in social interaction; mildly to moderately limited in sustained concentration and persistence; markedly limited in his ability to perform at production levels expected by most employees;

5

and moderately limited in some areas of adaptation. PAGEID 386-88. Nurse Practitioner Mick also opined that plaintiff was likely to be absent from work at least five days per month, and that plaintiff's mood disorder prevented him from tolerating ongoing stress. PAGEID 388.

Opinions from "other sources" are evaluated using the same factors applicable to medical opinions. These factors include: how long and how frequently has the source seen the claimant; how consistent is the source's opinion with other evidence; the degree to which the source presents relevant evidence to support the opinion; how well the source explains the opinion; and whether the source has any specialty or area of expertise related to the claimant's impairments. *See* SSR 06-3p, 2006 WL 2329939 at *4. However, a formulaic recitation of the factors for weighing a nurse practitioner's opinion is not required. *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011)(an exhaustive factor-by-factor analysis is not required); *Starr v. Comm'r of Soc. Sec.*, NO. 2:12-cv-290, 2013 WL 653280 at *6 (S.D.Ohio Feb. 21, 2013)(same).

In giving the opinion of Nurse Practitioner Mick little weight, the ALJ noted that because he was not an acceptable medical source, his opinion did not have the same probative force as one offered by an acceptable medical source, such as a physician. PAGEID 55. This was not error. *See Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 248 (6th Cir. 2015)(opinion of non-medical source not entitled to any particular weight or deference); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014)(other-source opinions are not entitled to any special deference). The ALJ also

correctly observed that there was no indication in the record that Nurse Practitioner Mick had any particular expertise in the field of mental health diagnosis and evaluation. The ALJ specifically noted an August 15, 2016, letter to plaintiff's counsel in which Nurse Practitioner Mick offered the unclear statement that plaintiff's mood disorder "[m]ay result from excessive alcohol intake" but that "it may also be present prior to and result in excessive alcohol use." PAGEID 393. The ALJ further concluded that Nurse Practitioner Mick's opinion was inconsistent with his own treatment notes, which routinely documented that plaintiff was in no acute distress, had a good mood, and exhibited no difficulty interacting with medical personnel. PAGEID 55. Elsewhere in his opinion, the ALJ thoroughly discussed plaintiff's treatment records and noted that many records reported that plaintiff had a good mood, was alert and oriented, and had a normal affect, thought content and perception, with no impairment of recent or remote memory. PAGEID 52-54.

Plaintiff argues that the ALJ should have referred specifically to the fact that Nurse Practitioner Mick had a lengthy treating relationship with plaintiff, and that this relationship warranted assigning more weight to his opinion. Exactly when this treating relationship began is not clear from the record. In the letter to plaintiff's counsel, Nurse Practitioner Mick indicated that plaintiff had been a patient at Greenfield Medical Services "since he established with my partner in 2011." PAGEID 393. However, the first record bearing Nurse Practitioner Mick's signature is dated April 8, 2014, with later records going through 2016. PAGEID 245 and Exhibits 1F, 7F.

7

Because Nurse Practitioner Mick was not a "treating source" physician, the ALJ was not required to provide good reasons for the weight given to his opinion. *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011). Rather, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-3p, 2006 WL 2329939 at *6. The ALJ included a detailed discussion of the treatment records in his opinion. The ALJ was obviously aware of the length and nature of plaintiff's treating relationship with Nurse Practitioner Mick. An ALJ's failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004), and a specific discussion of this factor was not required. *Starr*, 2013 WL 653280 at *6.

The length of the treating relationship did not require assigning greater weight to this opinion. Many of the treatment notes indicate that the reason for the office visit was an illness or physical problem. There was no treatment record of any in depth mental evaluation. In light of the other reasons given by the ALJ for giving the opinion of Nurse Practitioner Mick little weight, the length of the treatment relationship and the ALJ's failure to specifically refer to this factor does not render that decision unreasonable.

Plaintiff also argues that because the opinion of Nurse Practitioner Mick was the only opinion concerning plaintiff's

8

mental limitations, it should have been accorded greater weight, mandating a finding of disability.  Plaintiff has cited no authority for this proposition.  The fact that an opinion is the only opinion on a subject is not listed as a factor to be considered in SSR 06-3p or any other regulation.  The ALJ did not err in not giving greater weight to the opinion of Nurse Practitioner Mick merely because it was the only opinion in the record on the topic of plaintiff's mental impairments.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence to support the decision of the ALJ to give the opinion of Nurse Practitioner Mick little weight, and that no error occurred in his consideration of that opinion.  The record supports the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act.  The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 14).  Plaintiff's objections (Doc. 15) are denied.  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment.

Date: January 31, 2019              s/James L. Graham
                                     James L. Graham
                                     United States District Judge